UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DONAVON HENDERSON, et al.,<br><br>　　　　　　Defendants. | Case No. 13-cv-02352-WHO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 10 |

Plaintiff U.S. Bank National Association's ("U.S. Bank") motion to remand is before the Court. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby vacates the hearing currently scheduled for August 21, 2013. For the reasons stated below, the motion is granted and this action is remanded to the Superior Court of California, Marin County.

## BACKGROUND[1]

Plaintiff U.S. Bank National Association ("U.S. Bank") alleges that Defendant Donavon Henderson obtained a loan for $825,000 in October 2005, secured by a Deed of Trust to Henderson's residence in Novato (the "Subject Property"). FAC ¶ 18. U.S. Bank alleges that it is the assignee and successor-in-interest of the loan and claims an interest in the Subject Property pursuant to the Deed of Trust. *Id.* ¶ 19. U.S. Bank filed this action in September 2012 in Marin County Superior Court, alleging that Henderson and various entities and individuals associated with Henderson (or Henderson employing fictitious names) (collectively, the "Henderson Defendants"), filed false documents in the Official Records of Marin County, which cloud U.S.

---

[1] The Court grants U.S. Bank's unopposed request to take judicial notice of U.S. Bank's First Amended Complaint ("FAC") filed in the Superior Court of California, Marin County, on February 15, 2013. Dkt. No. 11-1.

Bank's title to the Subject Property. U.S. Bank filed a first amended complaint in February 2013 after learning of additional alleged false filings. Dkt. No. 10 at 2. The FAC alleges causes of action for Quiet Title, Declaratory Relief, Cancellation of Instrument, Slander of Title, and Civil Conspiracy. *See* FAC *passim*.

U.S. Bank alleges that Henderson failed to meet his loan payments and, as a result, defaulted on the Subject Property in June 2008. FAC ¶ 20. U.S. Bank alleges that Henderson and various entities and individuals associated with Henderson (or Henderson employing fictitious names) (collectively, the "Henderson Defendants"), subsequently filed false documents in the Official Records of Marin County, which cloud U.S. Bank's title to the Subject Property. For example, U.S. Bank alleges that in February 2012, the Henderson Defendants executed and recorded an assignment of the Deed of Trust in the Official Records of Marin County in which the Henderson Defendants "falsely purport to be an 'authorized agent' of Plaintiff . . . . in an attempt to deprive Plaintiff of its interest in the Subject Property." FAC ¶ 23. U.S. Bank alleges that the Henderson Defendants executed and recorded a second assignment in February 2012 "falsely purport[ing] to transfer an interest in the Subject Property that in fact belongs to Plaintiff." ¶ 25. U.S. Bank alleges that the Henderson Defendants filed six additional false documents with the Official Records of Marin County, in further attempts to interfere with U.S. Bank's rights under the Deed of Trust. ¶¶ 26-37.

Henderson, appearing *pro se*, removed this action to the Northern District of California on May 23, 2013. Dkt. No. 1.

**LEGAL STANDARD**

A defendant may remove a civil action from state court to federal court if a federal court would have had original jurisdiction at the time the complaint was filed. 28 U.S.C. 1441(a). Federal courts have original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over cases between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a).

The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). The removing party has the burden of establishing that federal jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992).

## DISCUSSION

U.S Bank moves to remand on the grounds that there is no diversity as Henderson is a citizen of California and there is no federal question giving rise to federal question jurisdiction. Henderson concedes that he is a citizen of California. Dkt. No. 1-1 at 6 ("Diversity of citizenship exists because Plaintiff is not a citizen of California. *Defendant is*, but Plaintiff is not.") (emphasis added); *see also id*. at 1 (providing address in Novato, California). As a citizen of the forum state, Henderson cannot remove to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(2).

Nor is there federal question jurisdiction as the FAC asserts only state law causes of action—Quiet Title, Declaratory Relief, Cancellation of Instrument, Slander of Title, Civil Conspiracy. Henderson alleges that he "is being denied due process of the law in state court." Dkt. No. 18 at 4. But to the extent that his defense "is based on alleged violations of the federal constitution, those allegations do not provide a basis for federal jurisdiction." *Deutsche Bank Nat. Trust Co. v. Perez*, 12-CV-02046-LHK, 2012 WL 3027678 (N.D. Cal. July 24, 2012) (granting motion to remand unlawful detainer action).

## CONCLUSION

For the foregoing reasons, the Court GRANTS U.S. Bank's motion to remand. This case is REMANDED to the Superior Court of California, Marin County.

**IT IS SO ORDERED**.

Dated: August 12, 2013

WILLIAM H. ORRICK
United States District Judge

3